**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

MICHAEL WILSON,

      Plaintiff,

v.

HARALSON COUNTY, LEE RAY in his individual capacity, BRIAN WALKER in his individual capacity, JOHN ENTREKIN in his individual capacity, DAVID TARPLEY in his individual capacity, DANNY ELSBERRY in his individual capacity, EDDIE IVEY in his individual capacity, and RYAN FARMER in his individual capacity,

      Defendants,

_____/

Civil File Action No:_____

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, MICHAEL WILSON ("Mr. Wilson" or "Plaintiff"), by and through his undersigned counsel, and files this, his first amended Complaint for Damages and Demand for Relief against the Defendants, HARALSON COUNTY, ("HC"), BRIAN WALKER, ("Walker") LEE RAY, ("RAY" and/or "Lieutenant Ray"), JOHN ENTREKIN, ("ENTREKIN" and/or "Deputy Chief"), DAVID TARPLEY ("Tarpley"), DANNY ELSBERRY ("Elsberry"), EDDIE IVEY ("Ivey"), and RYAN FARMER ("Farmer"). All

together the foregoing are the "Defendants" and each individually a "Defendant".

Defendants Walker, Tarpley, Elsberry, Ivey, and Farmer are the "Commissioner-

Defendants". Plaintiff alleges the following:

## JURISDICTION AND VENUE

1.      This is a civil and constitutional right action arising under 42 U.S.C. §

1983 and the First Amendment to the United States Constitution.

2.       Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §

1331 and 28 U.S.C. § 1343 and supplemental jurisdiction of state law claims under

28 U.S.C. §1367(a).

3.      The unlawful employment practices and tortious actions alleged in this

Complaint were committed within this district and division, and at least one

Defendant lives within the boundaries of the Newnan division. In accordance with

28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.      Plaintiff is a resident of the United States of America and is subject to

the jurisdiction of this Court.

5.      At all times material hereto, Defendant HC operated a fire department

entrusted to serve as the primary response team for fire, medical emergencies,

disasters, and acts of terrorism, located in Haralson County, Georgia and at all times

hereto has conducted business within this District and may be served with process

by delivering a copy of the Summons and Complaint to Haralson County, Georgia Board of County Commissioners or counsel of record.

6.     At all times material hereto Defendant Ray was a resident of the United States of America, employed by Haralson County, Georgia in its Fire Department and is subject to the jurisdiction of this Court. Defendant Ray may be served with process by delivering a copy of the Summons and Complaint to him or counsel of record or as otherwise allowed under the Fed. R. Civ. P. Defendant Ray is being named in this lawsuit in his individual capacity.

7.     At all times material hereto Defendant Entrekin was a resident of the United States of America, employed by Haralson County, Georgia in its Fire Department and is subject to the jurisdiction of this Court. Defendant Entrekin may be served with process by delivering a copy of the Summons and Complaint to him personally or counsel of record or as otherwise allowed under the Fed. R. Civ. P. Defendant Entrekin is being named in this lawsuit in his individual capacity.

8.     At all times material hereto Defendant Walker was a resident of the United States of America, served on Haralson County, Georgia Board of County Commissioners and is subject to the jurisdiction of this Court. Defendant Walker may be served with process by delivering a copy of the Summons and Complaint to him personally or counsel of record or as otherwise allowed under the Fed. R. Civ. P. Defendant Walker is being named in this lawsuit in his individual capacity.

9.    At all times material hereto Defendant Tarpley was a resident of the United States of America and served on Haralson County, Georgia Board of County Commissioners. Defendant Tarpley may be served with process by delivering a copy of the Summons and Complaint to him personally or counsel of record or as otherwise allowed under the Fed. R. Civ. P. Defendant Tarpley is being named in this lawsuit in his individual capacity.

10.   At all times material hereto Defendant Elsberry was a resident of the United States of America and served on Georgia's Haralson County Board of Commissioners. Defendant Elsberry may be served with process by delivering a copy of the Summons and Complaint to him personally or counsel of record or as otherwise allowed under the Fed. R. Civ. P. Defendant Elsberry is being named in this lawsuit in his individual capacity.

11.   At all times material hereto Defendant Ivey was a resident of the United States of America and served on Georgia's Haralson County Board of Commissioners. Defendant Ivey may be served with process by delivering a copy of the Summons and Complaint to him personally or counsel of record or as otherwise allowed under the Fed. R. Civ. P. Defendant Ivey is being named in this lawsuit in his individual capacity.

12.   At all times material hereto Defendant Farmer was a resident of the United States of America and served on its Board of Commissioners. Defendant

Farmer may be served with process by delivering a copy of the Summons and Complaint to him personally or counsel of record or as otherwise allowed under the Fed. R. Civ. P. Defendant Farmer is being named in this lawsuit in his individual capacity.

13.     All conditions precedent to this action have been satisfied and/or waived and jurisdiction and venue are proper in this court.

## FACTUAL ALLEGATIONS

14.     Plaintiff was hired by HC as a Firefighter on September 27, 2024, in Department 3500.

15.     Plaintiff was in the Department's C-Shift for two (2) days prior to being subjected to hazing resulting in injury.

16.     During his tenure, Plaintiff was an excellent employee, with no significant history of attendance, performance, or disciplinary issues.

17.     In or around November 2024, Mr. Wilson submitted numerous written complaints to the County detailing the "hazing" he was subjected to, which resulted in a rotator cuff tear requiring subsequent surgery.

18.     Mr. Wilson was improperly singled out by Defendant Ray and subjected to a physically demanding endurance exercise which Defendant Ray knew were mentally and physically injurious and would cause harm. This exercise violated the Fire Department's standard training protocols, Haralson County Ordinances,

Georgia statutes, and the Federal Occupational Safety and Health Standards Act.

19.     Multiple high-ranking officials within the Fire Department and on the Board of Commissioners, including the Chairman of the Board of Commissioners, and the current and former Fire Chiefs, have all acknowledged that the exercise was inappropriate but proceeded to engage in an active and knowing cover-up of the hazing incidents which were imposed upon Plaintiff.

20.     HC's own Human Resources department then published a report documenting an active and knowing effort by high-ranking officials within Haralson County to suppress proper disclosure and reporting of the hazing activities.

21.     Following this incident, Mr. Wilson experienced continued targeting and mistreatment. Notably, he was told by Defendant Ray that he would not be considered part of the shift team until he completed Defendant Ray's personal orientation and met his individual standards (i.e. the hazing described herein).

22.     The workplace culture within the C-Shift is notably repressive, and multiple senior officers have expressed concern regarding the toxic environment perpetuated within the shift.

23.     HC's Fire Department's Policy Manual expressly prohibits lieutenants from independently designing or administering training exercises. That authority lies with the Chief of Training, in consultation with the Battalion Chief.

24.     The exercise created and administered by Defendant Ray was

unauthorized and not included within the Department's approved training curriculum.

25. Mr. Wilson successfully completed the Department's required physical agility test at the time of hire, and the Fire Chief and the Chief of Training confirm that this was the only physical assessment required of him (as opposed to the additional illegal hazing activities required by Defendant Ray).

26. Mr. Wilson formally reported his injury to Deputy County Clerk Sandi Couch, confirming that he sustained a shoulder injury during the unauthorized training exercise with Defendant Ray on October 24, 2024, and reported the unsafe conduct was public concern.

27. After the incident, Mr. Wilson was subjected to significant and illegal instructions by senior members of the Department, including Defendant Ray, Battalion Chief Cummings, and Defendant Entrekin.

28. Mr. Wilson was urged to withhold information, surrender all communications regarding the hazing incident, draft statements in support of Defendant Ray while discrediting the internal affairs/human resources investigation, and affirm that he did not intend to pursue disciplinary action.

29. Efforts to report the incident were systematically suppressed, and reporting to the Commissioner's Office was delayed for nearly three (3) months.

30. Even after the Board of Commissioners (through the named

Commissioner Defendants) were made aware of Defendant Ray's conduct, and despite the overwhelming evidence of misconduct, no disciplinary action was taken against any fire department officers involved in the hazing incident, the resulting injury, the knowing suppression of proper reporting, or the Fire Department's failure to report the matter through appropriate channels.

31.    On January 11, 2025, Mr. Wilson was informed that his injuries required surgery, as he had sustained a high-grade rotator cuff tear.

32.    On or around January 15, 2025, Mr. Wilson approached Human Resources head, Sandi Couch to report the unsafe working conditions, hazing and policy violations, attempted coverup and intimidation by Defendant Ray and others in the county, and further requested FMLA leave. Ms. Couch simply informed Mr. Wilson that she would begin a Worker's Compensation claim.

33.    Mr. Wilson's reporting of Defendants' illegal behavior and/or his objection to the same, to human resources is a protected activity that is in the public interest.

34.    On January 29, 2025, Mr. Wilson was transferred back to C-Shift under Defendant Ray's supervision.

35.    On January 31, 2025, Ms. Couch informed Mr. Wilson that Worker's Compensation was reviewing his claim and that she would be leaving the Haralson County Fire Department.

36.   After months of ongoing discussions regarding the illegal hazing and resulting injury sustained, Mr. Wilson underwent surgery on February 12, 2025.

37.   On February 21, 2025, Mr. Wilson received a notice *in writing* from Defendant Brian Walker advising Mr. Wilson that he was being terminated after raising concerns about the lack of disciplinary steps preceding his termination and questioning dangerous hazing treatment and unsafe work conditions by Defendant Ray and others within Haralson County.

38.   Mr. Wilson was improperly informed, *in writing by Defendant Walker*, that he was being terminated for failure to complete his "probationary period." Mr. Wilson, however, completed his probationary period in December of 2024.

39.   On March 11, 2025, Mr. Wilson reapplied to the Haralson County Fire Department, and on March 24, 2025, he was informed that they would not be hiring him back.

40.   Plaintiff engaged in protected speech and expression when making reports to Haralson County regarding policy violations, hazing, and other issues of public safety and concern. Plaintiff's complaints were made to raise concerns about misconduct and safety and to seek corrective action by County officials and/or decision-makers.

41.   Haralson County violated the Georgia Whistleblower laws, and the other individual Defendants violated the United States Constitution and 42 U.S.C.

§1983, all by retaliating and terminating Mr. Wilson for reporting and/or refusing to participate in hazing rituals in the workplace and other intentional torts, including assault and battery in the workplace; for reporting failure to have effective policies, procedures and/or training concerning hazing and assault and battery in the workplace; and violations of state and federal laws prohibiting hazing and requiring safe reporting of unsafe working conditions in the workplace. *See* Haralson County ordinances (including Haralson County Ordinances Section 18-56), state statutes (including O.C.G.A. §25-4-1 *et. sq.* & Ga. Comp. R & Regs. Rule 205-1-2), and federal laws (Occupational Safety and Health Standards Act Section 1910.156)

42.   It was unreasonable, malicious and reckless for Defendants Walker, Elsberry, Ivey, Farmer, and Tarpley, to retain Defendant Ray, an individual who they knew was acting negligently, recklessly, maliciously, and/or illegally and in violation of applicable laws (local, state, and federal).

43.   The actions of the Defendants caused significant harm to Plaintiff.

44.   The individually named Defendants acted with malice or reckless disregard for the safety of Mr. Wilson when they, *inter alia*, became aware that Defendant Ray had hazed and injured other individuals in the department, including but not limited to Mr. Wilson, and took no action to review such employees' employment or remove them from employment.

45.   Furthermore, the individual Defendants ratified Defendant Ray's

actions and policy violations when they, after initially suspending Defendant Ray, *chose to re-hire and re-appoint Defendant Ray to the same post he had when he committed those heinous acts*.

46.    As a result of the individual Commissioner-Defendants' knowing failure to implement standard safety policies (required under local, state, and federal laws), Mr. Wilson sustained significant injuries.

47.    The trauma Mr. Michael Wilson endured during his employment has significantly impacted his life and well-being.

48.    As a direct and proximate result of the hazing, assault and battery, significant injury and retaliation inflicted on Mr. Wilson by and through the Defendants, Mr. Wilson has suffered damages and is entitled to back pay, front pay in lieu of reinstatement, benefits, compensatory damages, general damages, and the costs of his attorney's fees and costs of litigation related to bringing litigation.

49.    On July 28, 2025, Plaintiff mailed an Ante Litem Notice via Certified Mail with Return Receipt to Defendants and the Haralson County Board of County Commissioners.

50.    On July 31, 2025, the Ante Litem Notice was hand delivered to the Haralson County Board of County Commissioners.

## COUNT I: VIOLATION OF THE FIRST AMENDMENT (RETALIATION)
## 42 U.S.C. § 1983 (Against Individual Defendants)

51.     Plaintiff re-alleges and re-adopts all prior allegations as if fully set forth herein.

52.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the First, Fourth and Fourteenth Amendments to the United States Constitution.

53.     At all times relevant, Plaintiff was a public employee employed by a governmental entity and/or department performing governmental functions within Haralson County.

54.     At all times relevant, Defendant RAY (in his individual capacity and under color of state law), Defendant BRIAN WALKER, (in his individual capacity and under color of state law), Defendant JOHN ENTREKIN, (in his individual capacity and under color of state law), Defendant DAVID TARPLEY(in his individual capacity and under color of state law), Defendant DANNY ELSBERRY (in his individual capacity and under color of state law), Defendant EDDIE IVEY (in his individual capacity and under color of state law), and Defendant RYAN FARMER (in his individual capacity and under color of state law), acted within the scope of authority conferred upon them by the State of Georgia and/or Haralson County.

**A. Protected Speech (Citizen Speech on a Matter of Public Concern)**

55.   Plaintiff Wilson engaged in protected speech and expression when he made written complaints and reports regarding hazing, misconduct, and the improper and unauthorized exercise/training activity imposed on him, as well as the suppression and mishandling of reporting related to that misconduct.

56.   Plaintiff's complaints and reports addressed matters of public concern, including the abuse and misuse of authority within a public safety department; unlawful, unsafe, and unauthorized training practices; retaliation and suppression of reporting; and the integrity and fitness of a governmental emergency-response agency charged with protecting the public.

57.   Plaintiff made these complaints and reports as a citizen and not merely pursuant to a specific job duty to generate, author, or prepare such reports as part of his ordinary work responsibilities. Plaintiff's complaints were made to raise concerns about misconduct and safety and to seek corrective action by County officials and/or decision-makers.

58.   Plaintiff's interest in speaking on these matters outweighed any legitimate governmental interest in restricting such speech. Plaintiff's speech did not materially interfere with operations, discipline, or the efficient provision of public services, and any purported operational concerns were pretextual.

**B. Adverse Employment Action**

59.   Defendants took materially adverse employment actions against

Plaintiff, including terminating his employment under false pretenses and subsequently refusing to rehire him as a result of his protected speech.

## C. Causation (Speech as a Substantial or Motivating Factor)

60.    Plaintiff's protected speech was a substantial or motivating factor in Defendants' decisions to terminate Plaintiff and refuse to rehire him.

61.    Individual Defendants were aware of Plaintiff's complaints and reports, including that Plaintiff had complained to the County and/or supervisors and human resources regarding hazing, misconduct, internal County policy violations, and unsafe working conditions.

62.    The adverse actions occurred in close temporal proximity to Plaintiff's complaints and reports and followed Plaintiff's efforts to report and/or challenge hazing and misconduct and the suppression of reporting.

63.    Defendants' stated reasons for terminating Plaintiff were false, shifting, and/or pretextual, and Defendants' conduct evidenced retaliatory motive.

64.    The retaliatory actions described herein were caused by and carried out pursuant to one or more of the following:

        a.    an official policy, practice, or custom of HC and/or Individual Defendants to discourage, suppress, or retaliate against reports of hazing, misconduct, or safety violations;

        b.    decisions, directives, approvals, and/or ratification by officials

with final policymaking authority for HC and/or Individual Defendants with respect to personnel decisions and discipline; and/or

c. a failure to train, supervise, and discipline supervisory personnel in a manner that prevents retaliation for protected reporting, amounting to deliberate indifference to the rights of employees who report misconduct.

65.    Individual Defendants personally participated in, encouraged, and/or set in motion retaliatory conduct, and/or knowingly influenced or caused decision-makers to take adverse action against Plaintiff because of Plaintiff's protected speech, including through efforts to suppress reporting and pressure Plaintiff concerning what he reported, and eventual termination based on false pretext.

66.    As a direct and proximate result of Defendants' unconstitutional retaliation, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages and benefits, loss of future earnings, emotional distress, humiliation, mental anguish, loss of enjoyment of life, and other compensatory damages, in an amount to be shown at trial.

67.    Defendants' conduct was willful, wanton, and/or in reckless disregard of Plaintiff's rights.

68.    Plaintiff is entitled to damages for a violation of his constitutional rights

under the First, Fourth, and/or Fourteenth Amendments pursuant to 42 U.S.C. §1983, and to recover his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## Count II: RETALIATION IN VIOLATION OF THE GEORGIA WHISTLEBLOWER ACT
### O.C.G.A. § 45-1-4, *et seq.*
### *(As to Defendant Haralson County)*

69.     The Plaintiff re-alleges and re-adopts all prior allegations as if fully set forth herein.

70.     At all times relevant to this action, Plaintiff was a public employee as defined by O.C.G.A. § 45-1-4(a)(3).

71.     At all times relevant to this action HC was Plaintiff's employer and was a "public employer" as defined by O.C.G.A. § 45-1-4(a)(4).

72.     Plaintiff engaged in protected activity when he exposed and complained to his supervisors and human resources about what he believed in good faith to constitute violations of HC's operating permits and rules, or regulations, county ordinances (including Haralson County Ordinances Section 18-56), state statutes (including O.C.G.A. §25-4-1 *et. sq.* & Ga. Comp. R & Regs. Rule 205-1-2), and federal laws (Occupational Safety and Health Standards Act Section 1910.156), and/or refused to participate in activities violating such laws.

73.     Defendant HC took adverse actions against Plaintiff by terminating him in retaliation for disclosing unsafe working conditions and violations of local, State

and Federal laws, rules and regulations.

74.    These adverse actions are casually connected to Plaintiff's protected conduct and reporting.

75.    Defendant violated the Georgia Whistleblower Act by terminating Plaintiff's employment in retaliation for disclosing violations of laws, rules or regulations to either a supervisor or government agency.

76.    Defendant, HC's actions were willful, wanton, done with actual malice and intentionally directed to harm Plaintiff and suppress disclosure of illegal activities.

77.    Defendant HC's actions were reckless and taken in willful disregard of the probable consequences of its actions.

78.    Defendant, HC was aware that Plaintiff had or was about to report suspected violations of law to the public. The suspected violations dealt with the manner in which Defendant HC handled reported hazing allegations against Lieutenant Ray and the Commissioner-Defendants' behavior in regard to the same.

79.    As a direct and proximate result of HC's illegal retaliatory termination of the Plaintiff's employment, the Plaintiff has suffered damages for which he is entitled to recover equitable relief and compensatory damages, including economic losses and emotional distress, attorney's fees, and costs of litigation.

80.    In addition, the Plaintiff has suffered emotional distress, mental

anguish, humiliation and the loss of enjoyment of life.

## COUNT III: ASSAULT AND BATTERY
### (As to Defendant Lee Ray)

81.    Plaintiff re-alleges and re-adopts all prior allegations, as if fully set forth herein.

82.    On or around October 24, 2024, Defendant Ray inflicted intentional harm and/or offensive contact upon Plaintiff and/or his person.

83.    Specifically, Defendant Ray acted with malice and intended to cause, and did cause, unpermitted contact with Plaintiff when he, *inter alia*:

a. Forced Plaintiff to perform an unauthorized training exercise which resulted in significant bodily harm.

84.    The actions of Defendant Ray described above constitute assault and/or battery as he made, or caused, unjustified, unwelcomed, harmful and offensive contact with Plaintiff.

85.    The aforementioned contact was harmful and offensive because it violated Plaintiff's personal space and privacy, which any reasonable person would not welcome or tolerate, and instead would find highly offensive, as Plaintiff did in this case.

86.    Defendant Ray acted knowingly, willfully, with malicious intent, and these actions were not consented to by the Plaintiff.

87.     As a direct and proximate result of Defendant Ray's acts as alleged herein, the Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, anxiety, irritability, loss of confidence, hopelessness, trauma, loss of capacity for the enjoyment of life, and other general emotional damages, all to his detriment, in an amount to be shown according to proof.

88.     Defendant Ray's actions allow Plaintiff to recover damages pursuant to Ga. Const. Art I. § II, ¶9.

89.     Plaintiff reserves the right to amend this Complaint to seek punitive damages here on account of Defendant Ray's tortious and intentional misconduct in taking actions known to be wrongful to Plaintiff and/or in reckless disregard for the rights of Plaintiff.

90.     Plaintiff is entitled to recover his attorneys fees and costs of litigation pursuant to O.C.G.A. §51-12-7.

**COUNT IV: NEGLIGENT HIRING, RETENTION AND SUPERVISION**

*(As to All Commissioner-Defendants Walker, Farmer, Ivey, Elsberry, and Tarpley)*

91.     Plaintiff re-alleges and all prior allegations contained above, as if fully set forth herein.

92.     The Commissioner-Defendants are charged and obligated to ensure the lawful operation of Haralson County and its Fire Department.

93.     Pursuant to Haralson County ordinances (including Haralson County Ordinances Section 18-56), state statutes (including O.C.G.A. §25-4-1 *et. sq.* & Ga. Comp. R & Regs. Rule 205-1-2), and federal laws (Occupational Safety and Health Standards Act Section 1910.156), *inter alia*, the Commissioner Defendants owed a duty of care to Plaintiff, including a duty to maintain a safe workplace and free from assault, and to have effective policies, procedures, and training concerning these matters and reporting of the same, and to properly discipline and/or discharge employees who violate the foregoing policies and applicable laws as alleged herein.

94.     The obligations for the Commissioner-Defendants to comply with applicable laws is ministerial in nature and was performed negligently by the Commissioner Defendants, thereby causing damage to Plaintiff.

95.     Such Defendants actions allow Plaintiff to recover damages pursuant to Ga. Const. Art I. § II, ¶9.

96.     At all times material hereto, Plaintiff's employment and associated supervisors, managers, and chiefs were under the care, custody and control of Commissioner Defendants.

97.     Commissioner Defendants by and through their supervisors, employees, agents, managers, directors, staff and representatives/agents of HC, had a duty to adequately supervise its employees, including Defendant Ray & Entrekin, in the same and/or similar way that a sensible, careful employer would do in similar

circumstances.

98.    Commissioner Defendants owed a duty of care to Plaintiff to exercise reasonable caution and diligence when hiring, retaining and/or supervising its employees so as to avoid employing anyone who could be reasonably foreseen to harass, assault, or otherwise endanger other employees as Defendant Ray and Entrekin did in this case.

99.    Commissioner Defendants breached their duty of care by, *inter alia*, failing to perform reasonable pre-employment investigation and inquiry concerning its employees and by otherwise failing to exercise reasonable caution and diligence when hiring, re-hiring, or retaining Defendant Ray and Defendant Entrekin.

100.    As detailed above, Plaintiff made complaints to the Defendant HC and Commissioner Defendants and Defendants retaliated against Plaintiff by terminating his employment.

101.    Commissioner Defendants breached the duty of care owed to Plaintiff by, *inter alia*: failing to take action against Defendant Ray or Entrekin; failing to prohibit harassment in the workplace; failing to prohibit unconsented touching and other intentional torts; failing to have effective policies, procedures, and/or training concerning harassment in the workplace; failing to reprimand, and/or terminate Defendant Ray and/or Defendant Entrekin; and failing to comply with state and federal laws prohibiting hazing & violation of applicable laws in the workplace.

102. It was unreasonable for the Commissioner Defendants to retain Defendant Ray or Defendant Entrekin, whom they knew or should have known was performing his job duties and responsibilities negligently, inadequately, and/or improperly.

103. The conduct of Commissioner Defendants proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses in an amount to be determined according to proof.

104. Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions. *See* Ga. Const. Art I. § II, ¶9.

## COUNT V: NEGLIGENT HIRING, RETENTION AND SUPERVISION
## (WITH ACTUAL MALICE)

*(As to All Commissioner-Defendants Walker, Farmer, Ivey, Elsberry, and Tarpley)*

105. Plaintiff re-alleges and all prior allegations contained above, as if fully set forth herein.

106. The Commissioner-Defendants are charged and obligated to ensure the lawful operation of Haralson County and its Fire Department.

107. Pursuant to Haralson County ordinances (including Haralson County Ordinances Section 18-56), state statutes (including O.C.G.A. §25-4-1 *et. sq.* & Ga. Comp. R & Regs. Rule 205-1-2), and federal laws (Occupational Safety and Health Standards Act Section 1910.156), *inter alia*, the Commissioner Defendants owed a duty of care to Plaintiff, including a duty to maintain a safe workplace and a workplace free from assault, and to have effective policies, procedures, and training concerning these matters and reporting violations of the same, and to properly discipline and/or discharge employees who violate the foregoing policies and applicable laws as alleged herein.

108. The obligations for the Commissioner-Defendants to comply with applicable laws are part of their official functions and were violated with direct malice and disregard towards Plaintiff's rights and well-being, thereby causing damage to Plaintiff.

109. Such Defendants' actions allow Plaintiff to recover damages pursuant to Ga. Const. Art I. § II, ¶9.

110. At all times material hereto, Plaintiff's employment and the Fire Department's supervisors, managers, directors, staff and representatives/agents were under the care, custody and control of Commissioner Defendants.

111.   Commissioner Defendants by and through its supervisors, employees, agents, managers, directors, staff and representatives/agents of HC, had a duty to adequately supervise its employees, including Defendant Ray and Entrekin, in the same and/or similar way that a sensible, careful employer would do in similar circumstances.

112.   Commissioner Defendants owed a duty of care to Plaintiff to exercise reasonable caution and diligence when hiring, retaining and/or supervising its employees so as to avoid employing anyone who could be reasonably foreseen to harass, assault, or otherwise endanger other employees as Defendant Ray and Entrekin did in this case.

113.   Commissioner Defendants knowingly and intentionally breached their duty of care by, *inter alia*, ignoring pre-employment investigation and inquiry concerning its employees and by otherwise acting recklessly and with malice when hiring, retaining or re-hiring Defendant Ray and Entrekin.

114.   As detailed above, Plaintiff made complaints to the Defendant HC and Commissioner Defendants, and as such, Defendants retaliated against Plaintiff by terminating his employment.

115.   Commissioner Defendants acted with malice when ignoring their official functions by, *inter alia*: failing to take action against Defendant Ray; failing to prohibit harassment in the workplace; failing to prohibit unconsented touching

and other intentional torts; failing to have effective policies, procedures, and/or training concerning hazing in the workplace & reporting of the same; failing to reprimand, and/or terminate Defendant Ray and Defendant Entrekin; and failing to comply with state and federal laws prohibiting hazing & violation of applicable laws in the workplace.

116. It was malicious for Commissioner Defendants to retain Defendant Ray or Entrekin, whom they knew were performing their duties and responsibilities negligently, illegally, and/or improperly.

117. The conduct of Commissioner Defendants proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses in an amount to be determined according to proof.

118. Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and… "may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions." Ga. Const. Art I. § II, ¶9.

119. Plaintiff reserves the right to amend his Complaint to seek punitive damages in this matter on account of Defendants' tortious and intentional

misconduct in taking actions known to be wrong to Plaintiff, and/or in reckless disregard to the rights of the Plaintiff.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *(Against Defendant Lee Ray)*

120.   Plaintiff re-alleges and re-adopts all prior allegations as if fully set forth herein.

121.   Defendant Ray's hazing against Plaintiff was extreme and outrageous and done with actual malice and intent to injure Plaintiff.

122.   Defendant Ray intended to inflict severe emotional distress or knew that it was a high probability that his conduct would do so.

123.   Defendant Ray's conduct actually caused Plaintiff severe emotional distress such as fear, depression, anxiety, lack of sleep and loss of enjoyment of life.

124.   Defendant's failure to stop the hazing and harassment was intentional and malicious.

125.   Commissioner Defendants allowed Defendant Ray's hazing and harassment to continue unabated, and was extreme and outrageous, and caused Plaintiff emotional distress.

126.   Defendant Ray is liable for the general, punitive and special damages proximately resulting from the intentional infliction of emotional distress.

## COUNT VII

## DAMAGES PURSUANT TO GA. CONST. ART. 1, SECTION 2, PARAGRAPH 9 AS TO ALL INDIVIDUAL DEFENDANTS

127.   Plaintiff realleges and hereby incorporates by reference each and every fact and allegation contained in the foregoing portions of this Complaint with the same force and effect as if pleaded separately herein.

128.   Pursuant to the Georgia constitution, Plaintiff is entitled to damages for the negligent performance of ministerial actions by the Defendants including but not limited to ensuring proper documentation of training, appropriate safety measures were in place in the workplace, following regulations regarding undocumented training, and proper reporting channels of the same as set forth herein above.

129.   The various actions taken as described herein were in derogation of plain conditions which are admitted, and policies (unwritten and written) or statutes which require no discretion or judgment by the Defendants.

130.   All Defendants acted negligently in performing such ministerial actions as set forth herein.

131.   Plaintiff is entitled to damages due to the Defendants' negligence to be proven at trial before an impartial Jury.

## COUNT VIII

## DAMAGES PURSUANT TO GA. CONST. ART. 1, SECTION 2, PARAGRAPH 9 AS TO ALL INDIVIDUAL DEFENDANTS

## (WITH ACTUAL MALICE)

132. Plaintiff realleges and hereby incorporates by reference each and every fact and allegation contained in the foregoing portions of this Complaint with the same force and effect as if pleaded separately herein.

133. Pursuant to the Georgia constitution, Plaintiff is entitled to damages for the malicious performance (or actions taken with intent to injure) of official functions actions by all the individual Defendants.

134. The various actions taken as described herein, were taken with malice or specifically with an intent to injure Plaintiff regardless of what the legal protections and rights of Plaintiff that were being violated by the Defendants.

135. All Defendants acted maliciously in taking actions to harm Plaintiff.

136. Plaintiff is entitled to Damages due to the Defendants' malicious actions to be proven at trial before an impartial Jury.

## COUNT X

## ATTORNEYS FEES

137. Plaintiff realleges and hereby incorporates by reference each and every fact and allegation contained in the foregoing portions of this Complaint with the same force and effect as if pleaded separately herein.

138. The Defendants' actions herein against Plaintiff are clearly illegal and contrary to law.

139. The Defendants have violated laws, been stubbornly litigious, have acted in bad faith and have caused the Plaintiff unnecessary trouble and expense and therefore the Plaintiff should be allowed to recover the expenses of litigation including, but not limited to, reasonably attorney's fees pursuant to 42 U.S.C. §1988, O.C.G.A. §13-6-11, O.C.G.A. §51-12-7, and/or O.C.G.A. §5-3-21.

**WHEREFORE,** Plaintiff prays that this Court issue the following relief:

1. That process issue in accordance with the law;

2. That the Court award Plaintiff lost wages including front and back pay, compensatory and general damages against Defendants in an amount to be determined by the jury;

3. That the Court award Plaintiff punitive damages against Defendants in an amount to be determined by the enlightened conscience of the jury;

4. That the Court award costs of this action, including attorneys' fees, to Mr. Wilson, pursuant to 42 U.S.C. § 1988 and other applicable laws regarding such awards;

5. That the Court award Plaintiff such other and further relief as it deems just and necessary; and

6. That Plaintiff be granted a trial by jury of at least 12 Jurors.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of 12 on all issues so triable.

Respectfully submitted this 10th day of February 2026.

By: ***Adeash Lakraj, Esq.***
Adeash "AJ" Lakraj, Esq.
Georgia Bar No. 444848
3379 Peachtree Road NE Ste 655
Atlanta, GA 30326
(404) 470-3001 (telephone)
(404) 370-3022 (fax)
Aj@lakrajjustice.com (email)
*Trial Counsel for Plaintiff*

**ERRAMILLI LAW GROUP**

*/s/Nik Erramilli*

Nik Erramilli, Esq.

Georgia Bar Number 167581

3060 Mercer University Dr Ste 110
Atlanta, GA 30341
(650) 503-9314 (telephone)
(678) 666-1300 (fax)
Nik@ErramilliLawGroup.com (email)
*Trial Counsel for Plaintiff*